**DICKINSON WRIGHT LLC**
Steven A. Caloiaro, Bar No. 284410
Email:  SCaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

Jenny T. Slocum, Esq. (*pro hac vice forthcoming*)
Email:  jslocum@dickinsonwright.com
1825 Eye Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 457-0160

John S. Artz (*pro hac vice forthcoming*)
Email: JSArtz@dickinsonwright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48107
Tel: (734) 623-7075

*Attorneys for Plaintiff Ontel Products Corp.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONTEL PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BROWNSTONE RESOURCES, LLC; MODERN LIFE TREND ; & JOHN/JANE DOE 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT, TRADEMARK, AND PATENT INFRINGEMENT AND <u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Ontel Products Corporation ("Ontel"), having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004, by its undersigned

attorneys, files this Complaint against Brownstone Resources, LLC, having a listed address of 10802 Capital Avenue, Unit 6A, Garden Grove, California 92843, and Modern Life Trend, having a listed address of 105 Serra Way, #264, Milpitas, California 95035, as well as an unidentified John/Jane Does 1-10 ("Defendants"). In support thereof, Ontel states and alleges as follows:

## I.    INTRODUCTION

1.    This case arises out of the unauthorized use and infringement of Ontel's copyrights, trademarks and patents to its popular and best-selling evaporative air-cooling products sold under the ARCTIC AIR trademarks.   In violation of federal and state law and in order to capitalize on the clear success of the Arctic Air products, Defendants have only recently carefully orchestrated and established a network of at least ten websites promoting or selling clear knockoff and infringing versions of Ontel's ARCTIC AIR branded product.  Product ordered from certain websites owned and operated by Defendants demonstrate that they are clear counterfeit versions of Ontel's Arctic Air Products, copying everything from Ontel's Trademark to Ontel's protected Copyrights in the packaging and instruction manuals to Ontel's product design.

2.    Numerous unwitting consumers are being duped into believing they are entering into legitimate transactions with Ontel and/or for the purchase of genuine Arctic Air Products.

3.    Defendants' conduct is directly harming Ontel and consumers as the competing products are likely to create a false impression, or to deceive consumers into believing that they derive from Ontel or there is a connection or association between the infringing products and Ontel.  In addition, consumers are likely to attribute poor performance or any defects in the quality of the infringing products to Ontel.  Defendants' infringing conduct irreparably harms Ontel because it places Ontel's reputation and goodwill out of Ontel's control and diminishes the value of

2

Ontel's valuable intellectual property rights.  The harm to Ontel and the general public will continue unless Defendants' conduct is enjoined by this Court.

## II.  PARTIES, JURISDICTION AND VENUE

4.  Plaintiff Ontel is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

5.  Defendant Brownstone Resources LLC identifies itself as having a principal place of business at 10802 Capital Ave, Unit 6A, Garden Grove, CA 92843. Ontel has been unable to verify Defendant Brownstone Resources LLC's claim that its principal place of business is at the above address. Upon information and belief, Brownstone Resources LLC is an owner and/or operator of one of more of the websites referenced herein.

6.  Defendant Modern Life Trend is an unknown corporation and identifies itself as having a listed business address of 427 E 17th St. Costa Mesa, California 92627. Ontel has been unable to verify Defendant Modern Life Trend's claim that its business address is at the above address. Modern Life Trend also uses mailing addresses of PO Box 4219 Garden Grove, California 92843 and 105 Serra Way #264, Milpitas, CA 95035. Upon information and belief, Modern Life Trend is an owner and/or operator of one or more of the websites referenced herein and also operates under the names "Arctic Air ChillBox" and "ChillBox."

7.  Defendants John/Jane Doe 1-10 are, as of yet, unidentified corporations and/or individuals who established and/or operate the websites listed herein that infringe on Ontel's trademarks, copyrights, and/or patents, or who manufacture/distribute the products that infringe on Ontel's trademarks, copyrights and patents.

8.  This Court has jurisdiction by virtue of the fact that this is a civil action under the Patent Act, 35 U.S.C. § 1 *et seq.*, Lanham (Trademark) Act, 15 U.S.C. §

1051 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.*, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) as each Defendant resides in this District as they have places of business here.

9.     This Court has personal jurisdiction over the Defendants because they do business in the State of California and specifically direct their activities toward the residents of the State of California, including in this District, and reside in this District.

### III.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     ONTEL'S ARCTIC AIR PRODUCTS**

10.     For over 20 years, Ontel has developed, marketed, and distributed some of the most innovative consumer products on the market, including popular toys, top-selling kitchen utensils, and ground-breaking household items. Ontel's products are sold in nearly every major retail chain in the United States, and in over 30 countries worldwide.

11.     Among the products sold by Ontel are the Arctic Air, Arctic Air Ultra, Arctic Air Tower, Arctic Air Freedom, Arctic Air Smart Chill, and Arctic Air Pure Chill (collectively "Arctic Air Products"). The Arctic Air Products are personal air coolers that cool the air.

12.     Ontel first sold the original version of its Arctic Air personal cooler in the United States at least as early as February 2018 and, since then, expanded use of the ARCTIC AIR marks to at least five additional products within its line of Arctic Air Products.

13.     The Arctic Air Products have become one of Ontel's best-selling products in the United States and worldwide.

14.     The commercial success of the Arctic Air Products began with the

4

launch of the original Arctic Air evaporative cooler.   Further research and development refined the original Arctic Air evaporative cooler, resulting in Ontel's launch of additional Arctic Air Products, including the Arctic Air Ultra product. Exemplar images showing some of the Arctic Air Products are depicted below:

 

15.   Ontel's products, including the Arctic Air Products, are available for purchase at many large retail stores, including Walmart and Target and are also available for purchase online through Ontel and many authorized sellers.

16.   Ontel's Arctic Air Products are known to consumers throughout the United States to represent genuine, high quality goods of Ontel.  Ontel owns the goodwill associated with its intellectual property rights and has invested significant time and resources securing and protecting these rights worldwide.  As of the date of this Complaint, the Arctic Air Pure Chill is the #1 best-selling product on Amazon.com in the portable air conditioners category and products under the ARCTIC AIR brand hold four of the top 11 selling-spots on Amazon.com in the portable air conditioners category.

17.   Ontel has invested over 8 million dollars in marketing and advertising

its Arctic Air Products, and as a result, the Arctic Air Products are some of the best-selling items in Ontel's portfolio, having generated over 100 million dollars in sales.

18.   Unfortunately, as a result of this success, the Arctic Air Products are frequently counterfeited and Ontel has had to expend significant resources combatting knockoff and counterfeit products, as parties like Defendants try to capitalize on Ontel's success with a line of infringing products.

**B.   ONTEL'S ARCTIC AIR COPYRIGHTS**

19.   Ontel is the owner of multiple, valid U.S. copyright registrations for the packaging associated with the Arctic Air Products and separately for the product manuals associated with the Arctic Air Products.

20.   Arctic Air's packaging was registered with the U.S. Copyright Office on February 20, 2018 and granted Registration Number VA 2-092-857 for the 2-D Artwork depicted below ("Arctic Air Packaging"):



See Exhibit A.

21.     The Arctic Air Ultra packaging as used with the Arctic Air Ultra Product was registered with the U.S. Copyright Office on May 8, 2019 and granted Registration Number VA 2-149-866 for the 2-D Artwork depicted below ("Arctic Air Ultra Packaging"):



See Exhibit B.

22.     Ontel obtained U.S. Copyright Registration Number TX 8-922-730 on August 14, 2020 for the product manual that accompanies the Arctic Air Ultra Product units ("Arctic Air Ultra Manual"). See Exhibit C.

23.     Ontel's Arctic Air Packaging, Arctic Air Ultra Packaging and Arctic Air Ultra Manual are collectively referred to as the "Arctic Air Copyrighted Works" and Ontel's copyrights in the Arctic Air Copyrighted Works and the registrations

therefore are collectively referred to as "Arctic Air Copyrights."

24.    Ontel's Arctic Air Copyrights are valid and subsisting.

## C.   ONTEL'S ARCTIC AIR TRADEMARKS

25.    In addition to owning common law rights in the ARCTIC AIR word mark, Ontel owns federal trademark registrations for ARCTIC AIR as registered with the United States Patent and Trademark Office as follows ("Arctic Air Marks") (Exhibit D) and uses these trademarks in connection with the sale of Arctic Air Products.

26.    Each of Ontel's registrations for the Arctic Air Marks is valid and subsisting and each registration provides *prima facie* evidence of the validity of the registered mark, Ontel's ownership of the mark and Ontel's exclusive right to use the Arctic Air Marks in commerce on or in connection with the goods identified in the registrations.

| Mark | Registration Details | Goods |
|---|---|---|
| ARCTIC AIR | U.S. Reg. Number 6,161,888 Date: 09/29/2020 | Personal portable humidifier and air purifier in the nature of a cooling device |
| ARCTIC AIR | U.S. Reg. Number 5,814,181 Date: 7/23/2019 | Personal portable humidifier and air purifier in the nature of a cooling device |

27.    Ontel has spent significant time, money and resources developing, marketing, advertising, promoting and selling the Arctic Air Products in interstate commerce and has accrued valuable goodwill associated with the Arctic Air Marks.

28.     The Arctic Air Marks are well known and widely recognized by the consuming public as a designation of source of the goods of Ontel.

**D.     ONTEL'S ARCTIC AIR PATENTS**

29.     Ontel's Arctic Air Products are the result of significant investment in research and development.  The Arctic Air Products contain various new, novel, and original features for which Ontel sought and obtained protection from the U.S. Patent and Trademark Office.

30.     Ontel owns U.S. Patent No. D852,340 (the "Arctic Air Ultra Design Patent").  See Exhibit E.

31.     The Arctic Air Ultra Design Patent was filed on December 21, 2018, and issued on June 25, 2019.

32.     The Arctic Air Ultra Design Patent protects the ornamental design for a personal air cooler as described and depicted in the patent and as excerpted below:

 

33.     Ontel also owns U.S. Patent No. 10,712,029 (the "Arctic Air Ultra Utility Patent").  See Exhibit F.

34.     The Arctic Air Ultra Utility Patent was filed on January 3, 2019, and

issued on July 14, 2020.

35.    The Arctic Air Ultra Utility Patent protects functional features of a personal air cooler as described and depicted in the patent, including the system for receiving water, delivering it to air entering the device to cool it and then emitting the cooled air, and as excerpted below:



36.    The Arctic Air Ultra Design Patent and Arctic Air Ultra Utility Patent are collectively referred to as "Ontel's Arctic Air Patents."

37.    Ontel's Arctic Air Marks, Arctic Air Copyrights and Arctic Air Patents are collectively referred to as "Ontel's Intellectual Property."

**E.    DEFENDANTS' INFRINGEMENT**

38.     Upon information and belief Defendants own, created, established, and/or operate a series network of websites that infringe on one or more of Ontel's Intellectual Property (the "Infringing Sites"), which were only active as of late June.

39.    The Infringing Sites that are currently known to Ontel are listed here:

- https://topchillbox.com
- https://modernlifetrend.com/product-26.php

10

- https://www.buy-chillbox.com/
- https://get-blastultra.com/
- https://chillboxportableac.com/
- https://chillboxportableac.org/
- https://chillboxportableac.net/
- https://www.chillbox-official.com/
- https://chillboxairconditioner.com/
- https://chillboxairconditioner.net/

40.    The Infringing Sites infringe one or more of Ontel's Intellectual Property Rights.

41.    The Infringing Sites market, sell or purport to sell a knockoff version of the Arctic Air Ultra Product.

42.    The infringing website topchillbox.com contains the "Arctic Air" mark in the website banner (as shown below in the screenshot of that page below together with an enlargement thereof) in connection with the offer for sale and sale of a portable cooling device (as shown in the succeeding pages below):







See Exhibit G.

43.     The contact information for the company providing the "Arctic Air Chill Box" Product available via this website is "Chill Box 105 Serra Way #264, Milpitas, CA 95035" with a customer service email address of cs@topchillbox.com. See Exhibit H.



44.     The website also contains a "Contact Us" address of "Modern Life Trend, PO Box 4219 Garden Grove, CA 92843":

*Id*.

45.     The infringing website, modernlifetrend.com/product-26.php, offers for sale the following portable air-cooling product under the name "Portable AC V3":



See Exhibit I.

46.     The contact information for the company providing the Portable AC V3 is "Modern Life Trend, Brownstone Resources 427 E 17th St. Costa Mesa, CA 92627, USA, with an email address of cs@modernlifetrend.com."



*Id*.

47.     A     product     was     ordered     and     obtained     from

modernlifetrend.com/product-26.php and photographs of the received product are captured below ("Infringing Product"):







48.    A photograph of the copied instruction manual received with the Infringing Product is shown below ("Infringing Manual"):



See Exhibit J.

49.    The Infringing Product is a direct counterfeit of Ontel's Arctic Air Ultra Product and directly copies Ontel's Arctic Air Trademarks and Arctic Air Copyrights.

50.    The Infringing Arctic Air Product contained the following sender address on the mailing envelope for "Modern Life":



51.    The email receipt from the purchase of the Infringing Product identified "Brownstone Resources" as the recipient of the payment for the Infringing Product:



See Exhibit K.

52.    Upon information and belief, Modern Life Trend and Brownstone Resources operate together to sell Infringing Products with the Infringing Manual.

53.    The infringing website www.buy-chillbox.com offers for sale a similar portable air-cooling product.  The purchase link provided on this website redirects the user to topchillbox.com and contains the following images:



See Exhibit L.

54.     The contact information associated with this website and sale of the infringing products is an email address of cs@topchillbox.com."  See Exhibit M.

55.     The copyright notice at the bottom of the redirected "contact us" webpage contains "© 2021 Arctic Air ChillBox" and "Arctic Air ChillBox" as the company name, incorporating Ontel's Arctic Air Trademarks in their entirety:



See Exhibit N.

56.     The infringing website get-blastultra.com use the term "Arctic Air" on its website as shown below together with an enlarged view of the heater in connection with its offer for sale and sale of an "Arctic Air Chillbox Product":

19



See Exhibit O.

57.    The "Order Now" button on this website redirects the user to https://topchillbox.com/AC/v1/v2.html?inst=60526fd56283d60015adec8a&id=60ba74012fd1a800156403ca&CLICK_ID=xxclickidxx&c1=xxc1xx&c2=xxc2xx&uid=4009&oid=563&affid=1362&AFFID=1362&utm_campaign=CPA_1362&utm_source=1362&sub1=ts-1_of-134_net-10_lt-hp_geo-HP&mvprm=aff_sub where the product is available for purchase:



See Exhibit P.

58.    The "Contact Us" link on this website diverts the user to a webpage with the following contact information "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com. *Id.*

59.    The infringing website chillboxportableac.com sells a similar "Chill Box" portable air-cooling device.   The "Order Now" button diverts the user to the website https://topchillbox.com/AC/checkout.html?inst=60526fd56283d60015adec8a&id=60ba73de2fd1a8001564036a&c1=xxc1xx&c2=xxc2xx&oid=563&affid=1365&AFFID=1365&utm_campaign=CPA_1365&utm_source=1365&sub3=&sub2=w42uhksjgnojpea923pctfnu&aff_sub4=ROI%20Affiliate where the below product is available for purchase:



See Exhibit Q.

60.    The contact information link for this infringing website diverts to topchillbox.com/AC/contact.html, which is the same contact website referenced in Paragraph 46 above, and contains "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com" as the contact information.   The copyright notice at the bottom of the contact website contains "© 2021 Arctic Air Chillbox". *Id.*

61.    The infringing website Chillboxportableac.org offers to sell a similar infringing air cooling product and the Order link on the website diverts the user to https://topchillbox.com/AC/checkout.html?inst=60526fd56283d60015adec8a&id=60ba73de2fd1a8001564036a&c1=xxc1xx&c2=xxc2xx&oid=563&affid=1365&AFFID=1365&utm_campaign=CPA_1365&utm_source=1365&sub3=&sub2=w1efekt56amocea9i5pal3cc&aff_sub4=ROI%20Affiliate   where   the   product   is available for purchase:



See Exhibit R.

62.   The "Contact Us" link on this website diverts the user to topchillbox.com/AC/contact.html with the following contact information "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com. The copyright notice at the bottom of the contact website contains "© 2021 Arctic Air Chillbox" and the company name is listed as "Arctic Air Chillbox" at the bottom of the website. *Id.*

63.   The infringing website chillboxportableac.net offers to sell a similar infringing air cooling product and the "Order" link on the website diverts the user to https://topchillbox.com/AC/checkout.html?inst=60526fd56283d60015adec8a&id=60ba73de2fd1a8001564036a&c1=xxc1xx&c2=xxc2xx&oid=563&affid=1365&AFFID=1365&utm_campaign=CPA_1365&utm_source=1365&sub3=&sub2=w4ui9nd5ikuibfa9270dmoue&aff_sub4=ROI%20Affiliate where the product is available for purchase:



See Exhibit S.

64.     The "Contact Us" link on this website diverts the user to same website as referenced in paragraphs 46, 51, and 53 herein, namely topchillbox.com/AC/contact.html with the following contact information "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com. The copyright notice at the bottom of the contact website contains "© 2021 Arctic Air Chillbox" and the company name at the bottom of the website is listed as "Arctic Air ChillBox." *Id.*

65.     The infringing website www.chillbox-official.com offers to sell a similar infringing air cooling product and the "Order" link available on the website diverts                       the                       user                       to https://topchillbox.com/AC/checkout.html?inst=60526fd56283d60015adec8a&id =60ba73de2fd1a8001564036a&c1=xxc1xx&c2=xxc2xx&oid=563&affid=1364& AFFID=1364&utm_campaign=CPA_1364&utm_source=1364&sub1=130306680 6901347972&flux_sess=185ff59fa0d4d1b352536634d105f056 where the product is available for purchase:



See Exhibit T.

66.     The "Contact Us" link on this website diverts the user to the same website as listed above in paragraphs 46, 51, 53 and 55. Namely, *topchillbox.com/AC/contact.html* with the following contact information "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com. The copyright notice at the bottom of the contact website contains "© 2021 Arctic Air Chillbox" and the company name listed is "Arctic Air ChillBox." *Id.*

67.     The infringing website chillboxairconditioner.com offers to sell a similar infringing air cooling product and the "Order" link available on the websites diverts                                                                                          to https://topchillbox.com/AC/checkout.html?inst=60526fd56283d60015adec8a&id=60ba73de2fd1a8001564036a&c1=xxc1xx&c2=xxc2xx&oid=563&affid=1365&AFFID=1365&utm_campaign=CPA_1365&utm_source=1365&sub3=&sub2=wghjovudeoajpfa9igoltrh2&aff_sub4=ROI%20Affiliate where the product is available for purchase:

25



See Exhibit U.

68.     The "Contact Us" link on this website diverts the user to the same webpage listed herein at paragraphs 46, 51, 53, 55, 57. Namely topchillbox.com/AC/contact.html with the following contact information "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com. The copyright notice at the bottom of the contact website contains "© 2021 Arctic Air Chillbox" and the company name listed is "Arctic Air ChillBox." *Id.*

69.     The infringing website chillboxairconditioner.net offers to sell a similar infringing air cooling product and the "Order" link on the website diverts to https://topchillbox.com/AC/checkout.html?inst=60526fd56283d60015adec8a&id =60ba73de2fd1a8001564036a&c1=xxc1xx&c2=xxc2xx&oid=563&affid=1365& AFFID=1365&utm_campaign=CPA_1365&utm_source=1365&sub3=&sub2=w8 3g55rafk0s4fa9ihpus81s&aff_sub4=ROI%20Affiliate where the product is available for purchase:



See Exhibit V.

70.    The "Contact Us" link on this website diverts the user to the same website referenced in paragraphs 46, 51, 53, 55, 57, 59 herein, namely, topchillbox.com/AC/contact.html with the following contact information "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" with an email address of cs@topchillbox.com. The copyright notice at the bottom of the contact website contains "© 2021 Arctic Air Chillbox" and the company name listed is "Arctic Air ChillBox." *Id.*

71.    Upon information and belief, all of the aforementioned Infringing Sites are owned and/or controlled by the same entities as the contact information for each identifies a single company operating under the name "Modern Life Trend" and the Infringing Sites are connected to one another and part of the same enterprise.

72.    Accordingly, each of the Defendants is part of the same infringing enterprise and directly liable for its/his/her own infringement, and indirectly liable for the direct infringement of each of the other Defendants.

73.     Upon information and belief, when a consumer purchases an Infringing Product from one of the Infringing Sites, Defendants ship a counterfeit copy of Ontel's Arctic Air Product to the consumer.   As a result, consumers mistakenly believe they had entered into a legitimate transaction with Ontel or an authorized Ontel distributor to purchase a genuine Ontel Product.

## COUNT I: VIOLATION OF 17 U.S.C. §§ 101 *et seq.* – COPYRIGHT INFRINGEMENT

74.     Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

75.     Ontel is the owner of Ontel's Arctic Air Copyrights, including the Certificates of Registration corresponding to each.

76.     Defendants violated Ontel's exclusive rights in Ontel's Arctic Air Copyrights in the United States by:

a)     Reproducing Ontel's Arctic Air Copyrighted Works, including portions thereof;

b)     Preparing derivative works based on Ontel's Artic Air Copyrighted Works;

c)     Distributing copies of Ontel's Artic Air Copyrighted Works to the public, including portions thereof;

d)     Publicly displaying Ontel's Artic Air Copyrighted Works; and

e)     Other acts of infringement as revealed by discovery.

77.     As a representative example, Defendants infringed on Ontel's Arctic Air Copyrights by using direct copies of Ontel's Arctic Air Copyrighted Works in connection with the manufacture and sale of Defendants' infringing products.

78.     Defendants' improper use of Ontel's Arctic Air Copyrighted Works was done without Ontel's permission and does not constitute fair use of Ontel's Arctic Air Copyrights.

79.     Defendants' above-described acts constitute copyright infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

80.     Defendants' infringement of the Arctic Air Copyrights was committed willfully.  At a minimum, Defendants' infringement was committed with actual knowledge of, or with reckless disregard for or willful blindness to, the fact that Defendants are infringing on Ontel's Arctic Air Copyrights.

81.     As a result of Defendants' wrongful conduct, Ontel has been, and will continue to be, damaged.

82.     Defendants' actions described above have caused and will continue to cause irreparable damage to Ontel, for which Ontel has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing its infringement of Ontel's Arctic Air Copyrights, these injuries will continue to occur in the future.

## COUNT II: VIOLATION OF 15 U.S.C. § 1114 – INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS

83.     Ontel incorporates all preceding paragraphs of the Complaint as if set forth in full herein.

84.     Defendants have infringed and continue to infringe upon Ontel's federally registered Arctic Air Marks through Defendants' use in commerce of a reproduction, counterfeit, copy, and/or colorable imitation of the Arctic Air Marks in connection with the sale, offering for sale, distribution, or advertising of its own evaporative air-cooling products.

85.     Defendants' use of "Arctic Air" on the Infringing Sites and incorporation of ARCTIC AIR on the Infringing Products is identical to all of Ontel's Arctic Air Marks and, in particular, is indistinguishable to Ontel's registered Arctic Air Marks, as depicted in U.S. Registration No. 6,161,888 ( ):

29

| Ontel's Arctic Air | Defendants' Infringing Product |
| --- | --- |
|  |  |

86.     Defendants have used and continue to infringe upon and counterfeit Ontel's Arctic Air Marks without approval, and in a manner that is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin of Defendants' evaporative air-cooling products or as to their affiliation, connection or association with Ontel.

87.     Defendants do not have permission to use Ontel's Arctic Air Marks.

88.     Defendants' actions as set forth in this Complaint constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham (Trademark) Act 15 U.S.C. § 1114.

89.     Defendants' infringement and counterfeiting of Ontel's Arctic Air Marks was committed with knowledge that the imitation of Ontel's Arctic Air Marks, including by copying the style and font that appears in Ontel's Trademark Registration No. 6,161,888 and the blue color variations within each letter as

depicted on Ontel's Arctic Air Products, would cause actual confusion, mistake, or deception of consumers.

90.     Defendants intentionally and willfully infringed and counterfeited Ontel's Arctic Air Marks.  At a minimum, Defendants were willfully blind to the fact that their use of the Arctic Air Mark infringed upon and were counterfeits of Ontel's Arctic Air Marks.

91.     As a result of Defendants' unlawful conduct, Ontel has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

## COUNT III: VIOLATION OF 15 U.S.C. §1125 –
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

92.     Ontel incorporates herein all preceding paragraphs of this Complaint as if set forth in full herein.

93.     Defendants are offering for sale, selling and marketing evaporative air-cooling products that compete with Ontel's Arctic Air Products.

94.     Defendants' use and continued use in commerce of images, words, terms, names, false or misleading descriptions of fact, false designations of origin, and false or misleading representations of fact in connection with Defendants' offering for sale, sale and promotion of Defendants' evaporative air-cooling products has caused and is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' products with or by Ontel.

95.     Defendants' unauthorized use in commerce of the Arctic Air Marks on or in connection with its evaporative air-cooling products constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

96.     Defendants are aware that Ontel owns Ontel's Intellectual Property

and that Defendants were infringing Ontel's Intellectual Property.

97.     Defendants' actions were taken with knowledge and with the intent to cause confusion or mistake and to deceive the public as to the source, origin, sponsorship or approval of Defendants' products.

98.     Defendants acted with knowledge and with the intent that their actions would confuse third parties into believing they were purchasing genuine Ontel products or purchasing products associated with, or affiliated or sponsored by, Ontel. Defendants willfully and in bad faith committed such acts with the intent to confuse, mislead, or deceive consumers as to the origin, source, sponsorship, or affiliation of its products and with the intent to trade off of the reputation and goodwill of Ontel. At a minimum, Defendants should have known that their conduct was and is unlawful, that they were unfairly competing with Ontel and committing acts of false designation of origin.

99.     As a direct and proximate result of Defendants' acts of unfair competition and false designation of origin, description and representation, Ontel has suffered injury, including loss of exclusive control over its Arctic Air Trademarks and damage to the value of its trademarks, reputation and goodwill.

100.     This injury to Ontel is irreparable. Defendants continue to commit the acts described above, and unless restrained and enjoined, will continue to do so, to Ontel's further irreparable injury. Ontel's remedy at law is inadequate to compensate it for the injuries inflicted and threatened by Defendants.

## COUNT IV:
## COMMON LAW UNFAIR COMPETITION

101.     Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

102.     Defendants and Ontel sell competing evaporative air-cooling products.

103.     Defendants have engaged in trade and commerce in California as

described above.

104. Defendants have willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through the bad faith and unauthorized use of the Arctic Air Marks and counterfeiting.

105. Defendants' unfair acts or practices and unfair methods of competition are likely to cause confusion, mistake, or deception as to the source or origin of the Defendants' products or their authorization or sponsorship by Ontel.

106. Defendants' conduct has caused, and continues to cause irreparable injury to Ontel, including to Ontel's reputation and goodwill. Ontel has no adequate remedy at law. Unless such unauthorized use is enjoined, Ontel will continue to be irreparably harmed.

107. Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard of Ontel's rights.

108. By reason of Defendants' misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT V: COMMON LAW TRADEMARK INFRINGEMENT

109. Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

110. Defendants and Ontel sell competing evaporative air-cooling products.

111. Ontel has continuously and exclusively used in California and nationally the Arctic Air Marks on and in connection with the sale of evaporative air-cooling products since at least early 2018.

112. Defendants have misappropriated Ontel's Arctic Air Marks by using them on, or in connection with the sale of, unauthorized evaporative air-cooling products.

113. Defendants have committed trademark infringement, counterfeiting

33

and unfair competition as described above.

114.   Defendants' trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of their products and/or authorization or sponsorship of those products by Ontel and, as such, has diverted sales from Ontel.

115.   Defendants' conduct has caused, and is continuing to cause, irreparable injury to Ontel, including lost sales and damage to Ontel's reputation and goodwill, and Ontel has no adequate remedy at law.  Unless such unauthorized use is enjoined Ontel will continue to be irreparably harmed.

116.   Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Ontel's rights.

117.   By reason of Defendants' misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT VI: UNJUST ENRICHMENT

118.   Ontel incorporated all preceding paragraphs of this Complaint as if set forth in full herein.

119.   As detailed above, Ontel expended considerable time and resources in creating, developing and maintaining the Arctic Air Marks. The undertaking required considerable research, time, strategic planning, and evaluation of market and economic trends, new technologies, innovations and their impact on the personal cooling device industry.

120.   By virtue of its significant efforts and labor embodied in the Arctic Air Marks, the use of such marks by Defendants conferred a benefit on Defendants, whereby Defendants took their own products, mimicked the same look and feel of Ontel's genuine products, and sold and promoted those products under the Arctic Air Marks without authorization from Ontel.

121.   But for Defendants' misappropriation of Ontel's intellectual property

and associated goodwill, Defendants would have had to expend considerable time and expense in independent research, development, marketing and advertising of their evaporative air cooling products in order to enter the relevant market and directly compete with Ontel.

122.   Defendants have been unjustly enriched by retaining this benefit without providing Ontel any payment.  As a result of Defendants' wrongful acts, Ontel has suffered and will continue to suffer significant commercial, monetary and other damages.

### COUNT VII: PATENT INFRINGEMENT -- U.S. DESIGN PATENT NO. D852,340

123.   Ontel incorporates all paragraphs of this Complaint as if set forth in full herein.

124.   Upon information and belief Defendants had and have knowledge of Ontel's Arctic Air Ultra Design Patent as of the date it first offered for sale or sold the Infringing Product.

125.   Defendants have actual notice of Ontel's Arctic Air Ultra Design Patent at least as early as the filing of this Original Complaint.

126.   Ontel marks the Arctic Air Products as patented pursuant to 35 U.S.C. §287.

127.   Defendants are directly infringing or inducing infringement of Ontel's Arctic Air Ultra Design Patent including by making, using, offering to sell, selling, or importing into the United States, infringing products.

128.   With knowledge of Ontel's Arctic Air Ultra Design Patent, Defendants induced and/or contributed to infringement of Ontel's Arctic Air Ultra Design Patent.

129.   Defendants' "Arctic Air ChillBox" and "ChillBox" products infringe the single claim of the Arctic Air Ultra Design Patent as they are virtually identical in appearance.

130.   Defendants are infringing on Ontel's Arctic Air Ultra Design Patent by manufacturing, marketing, advertising, offering for sale, and selling infringing air cooler products, including the Arctic Air ChillBox and the ChillBox products with knowledge and with the intent that third parties will use those products.

131.   Upon information and belief, with knowledge of Ontel's Arctic Air Ultra Design Patent, Defendants induced and/or contributed to infringement of same.

132.   Examples of Defendants' infringement of the Arctic Air Ultra Design Patent include:



| Arctic Air Ultra Design Patent | Arctic Air ChillBox and ChillBox |

133.   Defendants' infringement was undertaken without permission or license to use Ontel's Arctic Air Ultra Design Patent.

134.   Ontel has been damaged as a result of Defendants' infringement as described herein.

135.   Ontel is entitled to and claims all damages allowable by law including

adequate compensation for the infringement, costs, interest, attorney fees, lost profits and/or Defendants' profits (for which Ontel demands an equitable accounting).

136.   Ontel further seeks a declaration by the Court that it is entitled to a finding that this case is exceptional and enhance damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284.

## COUNT VII: PATENT INFRINGEMENT --
## U.S. PATENT NO. 10,712,029

137.   Ontel incorporates all paragraphs of this Complaint as if set forth in full herein.

138.   Upon information and belief Defendants had and have knowledge of Ontel's Arctic Air Ultra Utility Patent as of the date it first sold or offered for sale the Infringing Product.

139.   Defendants have actual notice of Ontel's Arctic Air Ultra Utility Patent at least as early as the filing of this Original Complaint.

140.   Defendants are directly infringing or inducing infringement of Ontel's Arctic Air Ultra Utility Patent including by making, using, offering to sell, selling, or importing into the United States, infringing products.

141.   With knowledge of Ontel's Arctic Air Ultra Utility Patent, Defendants induced and/or contributed to infringement of Ontel's Arctic Air Ultra Utility Patent.

142.   Defendants' "Arctic Air ChillBox" and "ChillBox" products infringe at least claims 1 and 13 of the Arctic Air Ultra Utility Patent as they are virtually identical in appearance.

143.   Defendants are infringing on Ontel's Arctic Air Ultra Utility Patent by manufacturing, marketing, advertising, offering for sale, and selling infringing air cooler products, including the Arctic Air ChillBox and the ChillBox products with

knowledge and with the intent that third parties will use those products.

144.   Upon information and belief, with knowledge of Ontel's Arctic Air Ultra Utility Patent, Defendants induced and/or contributed to infringement of same.

145.   Examples of Defendants' infringement of the Arctic Air Ultra Utility Patent include:



Arctic Air Ultra Utility Patent





Arctic Air ChillBox and ChillBox

146.   Defendants' infringement was undertaken without permission or license to use Ontel's Arctic Air Ultra Utility Patent.

147.   Ontel has been damaged as a result of Defendants' infringement as

described herein.

148.   Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, lost profits and/or Defendants' profits (for which Ontel demands an equitable accounting).

149.   Ontel further seeks a declaration by the Court that it is entitled to a finding that this case is exceptional and enhance damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284.

## **REQUEST FOR RELIEF**

WHEREFORE, Ontel respectfully requests that this Honorable Court:

a)      Enter judgment against Defendants finding that: (i) Defendants have engaged in willful and intentional copyright infringement in violation of Section 501 of the Copyright Act (17 U.S.C. § 501); (ii) Defendants have engaged in willful and intentional trademark infringement and counterfeiting in violation of Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125); (iii) Defendants have engaged in willful and intentional unfair competition in violation of N.J.S.A. § 56:4-1 *et seq*.; (iv) Defendants have engaged in willful and intentional trademark infringement and unfair competition in violation of California common law; and (v) Defendants have been unjustly enriched in violation of California common law; (vi) Defendants have engaged in action to pass off Defendants' products as Ontel products; and (vii) Defendants have engaged in willful infringement of Ontel's Arctic Air Patents, including through the advertising, marketing, sale, attempted sale, or importation of the "Arctic Air ChillBox," the "ChillBox," or similar infringing products.

b)      Issue a temporary restraining order and preliminary and permanent injunction prohibiting Defendants and each of their agents, servants, employees,

attorneys, and any other persons who are in active concert or participation with them from:

    i.    Using Ontel's Artic Air Copyrights in connection with the offering for sale or advertising of any products and/or creating deriviate works of Ontel's Arctic Air Copyrights;

    ii.    Infringing upon or counterfeiting Ontel's Arctic Air Marks;

    iii.    Engaging in any action to pass off Defendants' products as Ontel products;

    iv.    Engaging in further actions to infringe Ontel's Arctic Air Patents, including prohibiting the advertising, marketing, sale, attempted sale, or importation of the "Arctic Air ChillBox," the "ChillBox," or similar infringing products;

    v.    Continuing to operate the Infringing Sites, and any similar sites;

c)    Requiring Defendants to account for profits;

d)    Award Ontel its actual damages, or in the alternative, statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504;

e)    Award Ontel its actual damages, or in the alternative, statutory damages for willful trademark counterfeiting pursuant to 15 U.SC. § 1117(c);

f)    Award Ontel an amount equal to Defendants' profits and all damages sustained by Ontel for Defendants' violation of 15 U.S.C. § 1125(a);

g)    Award Ontel an amount equal to adequate compensation for Defendants' patent infringement, pursuant to 35 U.S.C. § 284;

h)    Award Ontel the costs associated with bringing this action; and

i)    Award Ontel interest and reasonable attorneys' fees pursuant to one or more of the Copyright Act, the Lanham Act and/or the Patent Act.

## **JURY DEMAND**

Plaintiff Ontel Products Corporation hereby demands a trial by jury of all issues so triable.

Dated: August 17, 2021

Respectfully submitted,

/s/ Steven A. Caloiaro

**DICKINSON WRIGHT LLC**
Steven A. Caloiaro, Bar No. 284410
Email:  SCaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

*Attorneys for Plaintiff*

41