UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Ex Parte Application For Temporary Restraining Order and Preliminary Injunction</u>**

    Before the Court is Plaintiff Ontel Products Corporation's Ex Parte Application for a Temporary Restraining Order and Preliminary injunction. TRO App., ECF No. 18. In the application, Ontel seeks a temporary restraining order, a preliminary injunction, an asset freeze on certain PayPal accounts, and immediate discovery. Under Local Rule 7-19.2, Ontel requests that this relief be granted without requiring Ontel to provide notice of the application to Defendants.

    The Court deems this matter appropriate for decision without oral argument and therefore declines to set the matter on the Court's calendar. <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court denies the request for a temporary restraining order; issues an Order to Show Cause why a preliminary injunction should not issue; orders Ontel to serve Defendants forthwith as described herein; orders supplemental briefing; sets the OSC for a hearing; and defers determination on the requests for asset freeze and immediate discovery.

**I. BACKGROUND**

    Ontel brings this copyright, trademark, and patent infringement action against Brownstone Resources, LLC and Modern Life Trend. Ontel alleges that Defendants infringe Ontel's intellectual property relating to its ARCTIC AIR evaporative air-cooling products. Ontel alleges that Defendants sell, through a series of websites, knockoff and infringing versions of Ontel's ARCTIC AIR products, copying everything from the copyrighted product packaging and package inserts, to trademarked names and product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-01359 JVS (DFMx)   Date  August 20, 2021

Title  Ontel Products Corporation v. Brownstone Resources, LLC, et al.

patented ornamental design and utility patent features. Compl., ECF No. 1, ¶¶ 1, 38-39.

## II. LEGAL STANDARD

As in any other case, a temporary restraining order [TRO] "is available under [Rule] 65 to a [patent] litigant facing a threat of irreparable harm before a preliminary injunction hearing can be held." Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc., 564 F. Supp. 2d 63, 66 (D. Me. 2008) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. 2008)). But a TRO may be granted only on a clear showing of immediate, irreparable injury. Fed. R. Civ. P. 65(b)(1)(A). The Supreme Court has cautioned that TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70, 415 U.S. 423, 439 (1974).

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 & n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Therefore, a district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. In either case, a plaintiff must establish that it is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in plaintiff's favor, and that an injunction is in the public interest. Id. at 20; see Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009); see also Johnson v. Couturier, 572 F.3d 1067, 1081 (9th Cir. 2009); Am. Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

A plaintiff seeking a preliminary injunction must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" in the absence of preliminary relief. Winter, 555 U.S. at 22; Am. Trucking, 559 F.3d at 1052. It is not enough that the claimed harm be irreparable-it also must be imminent. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Further, "a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

relief," rather than merely allege imminent harm. Id. (emphasis in original). Conclusory affidavits are insufficient to demonstrate irreparable harm. Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).

### III. DISCUSSION

The Court addresses each element of the Winter test below.

A.    *Likelihood of Success on the Merits*

Ontel argues that it is "highly likely to succeed on the merits" of its trademark, copyright, and patent infringement claims. TRO App. at 9.

First, with respect to Ontel's trademark infringement claims, Ontel asserts that Defendants are improperly using Ontel's registered ARCTIC AIR trademarks, as evidenced by the competing product packaging below.




See TRO App. at 10; see also TRO App, Ex. E, ECF No. 18-5 (Trademark Reg. No. 6,161,888 for ARCTIC AIR (stylized)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

Trademark infringement turns on the likelihood of consumer confusion. The Ninth Circuit considers the "following factors for guidance in determining the likelihood of confusion: similarity of the conflicting designations; relatedness or proximity of the two companies' products or services; strength of [the registered] mark; marketing channels used; degree of care likely to be exercised by purchasers in selecting goods; [the accused infringer's] intent in selecting its mark; evidence of actual confusion; and likelihood of expansion in product lines." Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1053–54 (9th Cir. 1999). The Ninth Circuit also provides "[a] word of caution: this eight-factor test for likelihood of confusion is pliant. Some factors are much more important than others, and the relative importance of each individual factor will be case-specific." Id. at 1054. "Although some factors—such as the similarity of the marks and whether the two companies are direct competitors—will always be important, it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors." Id. "Related goods are generally more likely than unrelated goods to confuse the public as to the producers of the goods." Id. at 1055.

At this preliminary stage, the Court agrees with Ontel that, because the products use identical marks for the same type of consumer product, Ontel can show a likelihood of success of proving consumer confusion and therefore trademark infringement. See Brookfield, 174 F.3d at 1055 ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."). Other factors support this conclusion (e.g., both products are sold through online channels; Defendants' alleged copying is verbatim, including the sound, font, color, etc., suggesting intent to confuse).

Second, with respect to Ontel's copyright infringement claims, Ontel asserts that "Defendants' Materials, including its packaging and instruction manual, are copies of the Arctic Air Copyrights." TRO App. at 12. As an example, Ontel provides a side-by-side comparison of its copyrighted material alongside Defendants' competing material.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-01359 JVS (DFMx)                        Date   August 20, 2021

Title    Ontel Products Corporation v. Brownstone Resources, LLC, et al.

 

See TRO App. at 12-14; see also TRO App., Ex. M, ECF No. 18-13 (copyrighted packaging comparison), Ex. N, ECF No. 18-14 (copyrighted instruction manuals comparison), Ex. C, ECF No. 18-3 (Arctic Air Ultra Packaging Copyright Registration, VA 2-149-866), Ex. D, ECF No. 18-4 (Arctic Air Ultra Packaging Inserts Copyright Registration, TX 8-922-730).

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991). "If there is no direct evidence of copying, a plaintiff may prove this element through circumstantial evidence that (1) the defendant had access to the copyrighted work prior to the creation of defendant's work and (2) there is substantial similarity of the general ideas and expression between the copyrighted work and the defendant's work." Unicolors, Inc. v. Urb. Outfitters, Inc., 853 F.3d 980, 984–85 (9th Cir. 2017).

Having reviewed the copyright registrations and relevant comparisons, at this preliminary stage, the Court concludes that Ontel will likely be able to succeed at proving copyright ownership and copying of the protected material by Defendants. See Unicolors,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

853 F.3d at 988 (where "the works are virtually identical," "it is permissible to infer copying").

Third, with respect to Ontel's patent infringement claims, Ontel accuses Defendants of infringing U.S. Patent No. D852,340 (the "D340 Patent"), the Arctic Air Ultra Design Patent, and U.S. Patent No. 10,712,029 (the "'029 Patent"), the Arctic Air Ultra Utility Patent. See TRO App. at 15-16.

Design Patent. The D340 Patent claims the ornamental design for a personal air cooler as shown and described.



See TRO App., Ex. F, ECF No. 18-6 (D340 Patent excerpt); see also Compl., Ex. E, ECF No. 1-5 (same).

The "ordinary observer test" is "the sole test for determining whether a design patent has been infringed." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Under that test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." Id. at 670 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-01359 JVS (DFMx)                         Date   August 20, 2021

Title   Ontel Products Corporation v. Brownstone Resources, LLC, et al.

    To demonstrate design patent infringement, Ontel provides a side-by-side comparison of each claimed design view along with the corresponding view of the accused product. For example, the front perspective view comparison is as follows.



See TRO App., Ex. O, ECF No. 18-15 (design comparison chart depicting all seven perspective views of the claimed design).

    The Court observes that Ontel does not address claim construction. Having reviewed the D340 Patent, the Court declines to provide a detailed verbal claim construction of the claimed design. This is because, in the context of design patent infringement, the Court "is not obligated to issue a detailed verbal description of the design if it does not regard verbal elaboration as necessary or helpful." Egyptian Goddess, 543 F.3d at 679. The Court concludes such an elaboration is neither necessary nor helpful here, and thus construes the claimed design as stated in the patent, i.e., the ornamental design for a personal air cooler as shown in the drawings.

    At this preliminary stage, applying the ordinary observer test to all of the claimed perspective views, the Court concludes that, applying the level of care an ordinary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-01359 JVS (DFMx)   Date  August 20, 2021

Title  Ontel Products Corporation v. Brownstone Resources, LLC, et al.

observer would, the patented and accused designs are essentially identical. Accordingly, Ontel likely will be able to succeed at proving design patent infringement. See Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1243 (Fed. Cir. 2009) ("The mandated overall comparison is a comparison taking into account significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another."); see also Apple, Inc. v. Samsung Elecs. Co., 678 F.3d 1314, 1326 (Fed. Cir. 2012) (in considering likelihood of success, court must consider *all* claimed views of the design).

Utility Patent. The '029 Patent claims an evaporative personal air cooler for cooling ambient air, which includes a tank, a misting structure, a filter structure, and a fan (i.e., the functional aspects relating to the air cooler design claimed in the D340 Patent). See TRO App., Ex. G (the '029 Patent excerpt); see also Compl., Ex. F, ECF No. 1-6 (same). Figure 1 depicts a perspective view of an embodiment of this invention.



FIG. 1

Claim 1 discloses:

> 1. An evaporative air cooler for cooling ambient air, comprising:
> a housing with a top panel, a bottom panel, and side panels defining an interior of the evaporative air cooler; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

>    a tank positioned adjacent to the top panel and at least one
>    of the side panels, wherein the tank is configured to
>    receive, store, and release liquid;
>    a misting structure comprising a mister and a misting
>    structure coupling, wherein the misting structure is
>    configured to create a mist within the evaporative air
>    cooler;
>    a filter structure with a plurality of filters, wherein the
>    plurality of filters are configured to absorb the mist; and
>    a fan configured to draw the ambient air into the evaporative
>    air cooler, wherein the ambient air is cooled by
>    at least one of the mist and the filter structure, and
>    wherein the fan directs the ambient air thorough the
>    filter structure and out of the evaporative air cooler.

See '029 Patent at 12:2-21, Claim 1. Claims 2-15 depend directly or indirectly from Claim 1. Claim 16 is similar to Claim 1 but also discloses a filter structure adjacent to the bottom panel and at least one side panel. Claims 17-20 depend from Claim 16. See '029 Patent, Claims 2-20.

     To prove a likelihood of success on its patent infringement claim, Ontel provides a claim-by-claim comparison of the '029 Patent's claim elements alongside Defendants' accused product. In sum, Ontel asserts that the accused product "has a housing with a top panel, bottom panel, a side panel all defining an interior of the evaporative air cooler as shown in Exhibit I." TRO App. at 17; see also TRO App., Ex. I, ECF No. 18-9 ('029 Patent Claim Chart comparing claim elements of patented device with corresponding elements of Modern Life accused device).

     "To determine likelihood of success on the patent infringement issue, the court may construe disputed claim language as a matter of law." Sofamor Danek Grp., Inc. v. DePuy-Motech, Inc., 74 F.3d 1216, 1220 (Fed. Cir. 1996). "The court then determines whether the accused device is likely to fall within the scope of the claims." Id. The "words of a claim are generally given their ordinary and customary meaning." Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quotation marks omitted). The "ordinary and customary meaning of a claim term is the meaning that the term would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-01359 JVS (DFMx)  Date  August 20, 2021

Title  Ontel Products Corporation v. Brownstone Resources, LLC, et al.

have to a person of ordinary skill in the art in question at the time of the invention[.]" Id. at 1313. "Importantly, the person of ordinary skill in the art is deemed to read the claim term not only in context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." Id.

The Court begins its analysis by deeming Claim 1 representative. As with design patent infringement, the Court observes that Ontel does not mention claim construction. Having reviewed the claims, as well as the entirety of the '029 Patent, the Court concludes it is appropriate to apply plain and ordinary meaning to all of the claim terms at this stage. A review of Ontel's detailed claim comparison chart suggests that Ontel can likely demonstrate that all of the claim limitations are present in the accused device. Accordingly, at this stage, the Court concludes that Ontel can established a likelihood of success on proving its patent infringement claim.

*****

For the reasons explained above, on the present record, the Court concludes that Ontel can show a likelihood of success on the merits of the copyright, trademark, and patent infringement claims. The marks, packaging, packaging inserts, design, and functional aspects of the fans are virtually indistinguishable as between the protected intellectual property and the accused devices.

    B.    *Irreparable Harm*

To establish irreparable harm, Ontel relies on the statutory presumption based on the likelihood of success on its trademark infringement claim. See TRO App. at 17-18. That is, under 15 U.S.C. § 1116(a), "upon a finding of likelihood of success on the merits for a [trademark] violation," a plaintiff "seeking any such injunction [e.g., including a TRO or preliminary injunction] shall be entitled to a rebuttable presumption of irreparable harm." Even absent this presumption, Ontel argues it "is already suffering irreparable harm through the degradation of its marks, the loss of customers and sales, and harm to its reputation." TRO App. at 18. Further, Ontel asserts that its "reputation is being damaged through the operation of the Infringing Sites," because "[c]ustomers approaching the site are being falsely misled into believing that they are entering into transactions for an authentic Arctic Air product rather than for cheap knockoff versions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

of the same product." Id. at 18. Ontel does not address irreparable harm separately with respect to its copyright or patent infringement claims.

To obtain a preliminary injunction, the movant must show that (1) absent an injunction, it will suffer irreparable harm; and, with respect to patent infringement, (2) a sufficiently strong causal nexus relates the alleged harm to the alleged patent infringement. Apple Inc. v. Samsung Elecs. Co., 695 F.3d 1370, 1377-1378 (Fed. Cir. 2012). A likelihood of irreparable harm means "a likelihood of substantial and immediate irreparable injury." Id. at 1325. Merely showing some lost market share is insufficient to satisfy this requirement. Id. at 1324-25. Likewise, conclusory statements and theoretical arguments are insufficient to meet the standard. Id. at 1325. Instead, the moving party must support the claims of irreparable harm with concrete evidence. Id. Moreover, the alleged irreparable injury must be caused by the alleged infringement. Id. at 1324.

Ontel seeks to prove irreparable injury primarily through relying on § 1116(a)'s rebuttable presumption. But at the same time, Ontel seeks extraordinary relief in the form of a temporary restraining order *without* providing notice of this request to Defendants. See TRO App. at 7-8. Granting the application absent such notice would have the effect of rendering the rebuttable nature of the presumption absolute, which is made explicit by the statute. The Court declines Ontel's suggestion to follow this procedure.

Moreover, the fact that Ontel has already "alerted Defendants to the infringing conduct," id. at 8, further undermines Ontel's suggestion that withholding notice would be appropriate or necessary to prevent substantial and immediate irreparable injury before the Court can hold a hearing on the requested preliminary injunction. In support of its request, Ontel suggests that it is "unclear" if Defendants will appear in this action, and Ontel is "concerned" that revenue from infringing sales will be "moved and hidden." Id. at 7-8. But these generally speculative concerns do not provide a sufficient basis for granting the requested extraordinary relief without notice, especially where Ontel admits it has already provided some notice.

Although the presumption in § 1116(a) may be sufficient to demonstrate irreparable harm at the preliminary injunction stage (at least as to Ontel's trademark infringement claims) if Defendants are unable to rebut the presumption, the Court defers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

ruling on that question until Defendants have had the opportunity, as provided in the statute, to rebut the presumption.

Setting aside the statutory trademark presumption, the Court concludes that Ontel also has not demonstrated an alternative basis to support a likelihood of substantial and immediate irreparable injury with respect to any of its claims. Ontel argues that Defendants have imported a number of infringing products for sales in the U.S., but likely continued infringing sales in and of themselves are compensable by money damages and cannot demonstrate a likelihood of irreparable and immediate harm absent evidence demonstrating why money damages cannot address the likely injury. See Abbott Labs. v. Andrx Pharm., Inc., 452 F.3d 1331, 1348 (Fed. Cir. 2006) (noting patentee's obligation to "clearly establish[] that monetary damages could not suffice").

Similarly, although damage to reputation and goodwill can rise to the level of irreparable harm in the infringement context, conclusory statements and theoretical arguments supporting such harm are insufficient to show a likelihood that such harm will be likely, substantial, and immediate. See 695 F.3d 1370 at 1325. Ontel's application makes an insufficient showing on this point where the only information presented concerning loss of reputation and goodwill appears by way of attorney argument, without any supporting declarations or other evidentiary support.

Accordingly, because Ontel has failed to make the required showing of likely immediate, irreparable injury, the Court **DENIES** the requested temporary restraining order.

As described below, the Court will consider irreparable harm further in the context of the requested preliminary injunction. If Ontel wishes to expand its irreparable harm argument beyond the statutory trademark presumption, Ontel must support its claims of irreparable harm with concrete evidence. See, e.g., Hoist Fitness Systems, Inc. v. TuffStuff Fitness Int'l, Inc., No. 5:17-cv-01388 AB(KKx), 2017 WL 5640562, at *3 (C.D. Cal. Oct. 31, 2017) ("The unsupported, conclusory assertions of the movant's CEO are simply not sufficient to establish these facts," however.) (citing Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985) (irreparable harm not established by "conclusory" statements "without evidentiary support")); see also TeleSign Corp. v Twilio, Inc., No. 2:15-cv-3240 PSG(SSx), 2015 WL 12532491, at *6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-01359 JVS (DFMx)                                Date  August 20, 2021

Title  Ontel Products Corporation v. Brownstone Resources, LLC, et al.

(C.D. Cal. Oct. 19, 2015) ("[T]he Court is troubled by Plaintiff's factual evidence, as it consists almost entirely of testimony from Plaintiff's vice president."); Tech-Wear, Inc. v. Acme Laundry Prod., Inc., 38 F. Supp. 2d 1147, 1152 (C.D. Cal. 1998) (declarations from patentee's president and treasurer with "no sales figures, specific instances, or other evidentiary facts" is insufficient to show irreparable harm); Straumann USA, LLC v. TruAbutment Inc., No. 8:19-cv-00878 JLS(DFM), 2019 WL 6887172, at *3 (C.D. Cal. Oct. 1, 2019) (no irreparable harm where movant failed to "provide[] any evidence or data showing that financial or reputational harm has resulted (i.e., by demonstrating a negative impact on sales or by substantiating claims that the [patented device] has been abandoned by [customers])").

      C.    *Balance of Hardships and Public Interest*

Because Ontel's application as presented fails to make a sufficient showing demonstrating likely immediate irreparable harm supporting a temporary restraining order, the Court need not address the balance of equities or the public interest at this time. See e.g., Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 982 (9th Cir. 2011); Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1556 (Fed. Cir. 1994) ("we specifically decline today to require a district court to articulate findings on the third and fourth factors when the court denies a preliminary injunction because a party fails to establish either of the two critical factors").

If Ontel can demonstrate likely irreparable harm in the supplemental briefing permitted below, in support of its further request for a preliminary injunction, the Court will address these factors at the appropriate time.

      D.    *Order to Show Cause Regarding Preliminary Injunction*

Because Ontel has demonstrated a likelihood of success on the merits on its infringement claims, and because Ontel may be able to demonstrate likely irreparable harm in the context of its request for a preliminary injunction (via an unrebutted statutory trademark presumption or otherwise), the Court hereby **GRANTS** Ontel's request for an Order to Show Cause why a preliminary injunction should not issue.

In connection with the Order to Show Cause, the Court orders as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-01359 JVS (DFMx) | Date | August 20, 2021 |
| Title | Ontel Products Corporation v. Brownstone Resources, LLC, et al. | | |

  (1) The Court issues an order to show cause concerning why a preliminary injunction should not issue.
  (2) No later than August 27, 2021, at 5:00 PM, Ontel may file a supplemental brief of no more than ten pages further addressing irreparable harm, taking into consideration the Court's discussion of irreparable harm in this Order.
  (3) No later than September 3, 2021, at 5:00 PM, Defendants may file their response of no more than thirty-five pages to Ontel's application (ECF No. 18) and the forthcoming supplemental irreparable harm brief.
  (4) No later than September 8, 2021, at 5:00 PM, Ontel may file a reply of no more than ten pages to Defendants' response.
  (5) The Court sets a hearing on the order to show cause why a preliminary injunction should not issue for **September 13, 2021 at 1:30 p.m.**
  (6) Within twenty-four hours of issuance of this Order, Ontel shall serve on Defendants, via all of the email addresses identified in connection with the alleged Infringing Sites (see TRO App. at 22), as well as by mail to all of the addresses identified in the Complaint, a copy of this Order, the TRO Application (ECF No. 18), the Complaint, and all other required case-initiating documents, as well as all attachments to the foregoing documents.
  (7) Based on the rulings in this Order, the Court defers determination on the requests to freeze assets and grant immediate discovery.

## IV. CONCLUSION

  For the foregoing reasons, the Court **DENIES** the application for a TRO and issues an **ORDER TO SHOW CAUSE** regarding a preliminary injunction as described herein.

  **IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |