**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@KRInternetLaw.com
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@KRInternetLaw.com
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendants Brownstone Resources, LLC and Modern Life Trend

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ONTEL PRODUCTS CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**BROWNSTONE RESOURCES, LLC; MODERN LIFE TREND; & JOHN/JANE DOE 1–10,**<br><br>Defendants. | Case No. 8:21-cv-01359-JVS-DFM<br><br>**DEFENDANTS BROWNSTONE RESOURCES, LLC'S AND MODERN LIFE TREND'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Defendants Brownstone Resources, LLC ("Brownstone") and Modern Life Trend (collectively "Defendants") hereby answer the Complaint of Plaintiff Ontel Products Corporation as follows. The paragraphs below correspond to the same numbered paragraphs in the Complaint.

## I. INTRODUCTION

1. Defendants deny that they have carefully orchestrated and established a network of at least ten websites promoting or selling clear knockoff and infringing versions of Ontel's ARCTIC AIR branded product. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis deny them.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

## II. PARTIES, JURISDICTION AND VENUE

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.

5. Defendants admits that Brownstone has identified itself as having a place of business at 10802 Capital Ave, Unit 6A, Garden Grove, CA 92843. Defendants admit that Brownstone is the owner and/or operator of one or more of the websites referenced in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis deny them.

6. Defendants admit that the name "Modern Life Trend" is an unregistered fictitious business name for Brownstone. Defendants admit that Modern Life Trend has listed its address as "427 E 17th St. Costa Mesa, California 92627." Modern Life Trend has used the mailing addresses "PO Box 4219 Garden Grove, California 92843," and "105 Serra Way #264,

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Milpitas, CA 95035." Defendants admit that Brownstone, doing business as Modern Life Trend, is the owner and/or operator of one or more of the websites referenced in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis deny them.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis deny them.

8. The allegations of Paragraph 8 contain legal conclusions to which no response is required. To the extent a response to Paragraph 8 is required, Defendants admit that Plaintiff alleges that the Court has jurisdiction over this matter and that venue is proper. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis deny them.

9. The allegations of Paragraph 9 contain legal conclusions to which no response is required. To the extent a response to Paragraph 9 is required, Defendants admit that the Court has personal jurisdiction over Defendants.

## III. <u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

### A. ONTEL'S ARTIC AIR PRODUCTS

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny them.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny them.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny them.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny them.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny them.

## B. ONTEL'S ARCTIC AIR COPYRIGHTS

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny them.

20. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit A is required, Defendants respectfully refer to the document referenced in Exhibit A for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis deny them.

21. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit B is required, Defendants respectfully refer to the document referenced in Exhibit B for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis deny them.

22. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit C is required, Defendants respectfully refer to the document referenced in Exhibit C for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis deny them.

23. Defendants admit that Plaintiff purports to refer to its alleged "Arctic Air Packaging," "Arctic Air Ultra Packaging," and "Arctic Air Ultra Manual" as the "Arctic Air Copyrighted Works," and to refer to its alleged copyrights in the "Arctic Air Copyrighted Works," as the "Arctic Air Copyrights." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny them.

**C. ONTEL'S ARTIC AIR TRADEMARKS**

25. Defendants state that they are not required to respond to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

exhibits. To the extent a response to Exhibit D is required, Defendants respectfully refer to the document referenced in Exhibit D for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis deny them.

26. The allegations of Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

**D. ONTEL'S ARCTIC AIR PATENTS**

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit E is required, Defendants respectfully refer to the document referenced in Exhibit E for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis deny them.

31. Defendants lack knowledge or information sufficient to form a

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

belief as to the truth of the allegations in Paragraph 31, and on that basis deny them.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis deny them.

33. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit F is required, Defendants respectfully refer to the document referenced in Exhibit F for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis deny them.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny them.

36. Defendants admit that Plaintiff purports to refer to its alleged "Arctic Air Ultra Design Patent" and "Arctic Air Ultra Utility Patent" collectively as "Ontel's Arctic Air Patents." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis deny them.

37. Defendants admit that Plaintiff purports to refer to its alleged "Arctic Air Marks," "Arctic Air Copyrights," and "Arctic Air Patents" collectively as "Ontel's Intellectual Property." Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 36, and on that basis deny them.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**E. DEFENDANTS' INFRINGEMENT**

38. The allegations of Paragraph 38 contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny them.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis deny them.

40. The allegations of Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis deny them.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit G is required, Defendants respectfully refer to the document referenced in Exhibit G for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <topchillbox.com> contained the text "Arctic Air" in its website banner in connection with the offer for sale and sale of a portable cooling device. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit H is required, Defendants respectfully refer to the document referenced in Exhibit H for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <topchillbox.com> identified "Chill Box 105 Serra Way #264, Milpitas, CA 95035." Defendants admit that the website <topchillbox.com>

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

identified a customer service email address of "cs@topchillbox.com." Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 43, and on that basis deny them.

44. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit H is required, Defendants respectfully refer to the document referenced in Exhibit H for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <topchillbox.com> contains a "Contact Us" address of "Modern Life Trend, PO Box 4219 Garden Grove, CA 92843." Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 44, and on that basis deny them.

45. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit I is required, Defendants respectfully refer to the document referenced in Exhibit I for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <modernlifetrend.com> offered for sale the portable air-cooling product depicted in Paragraph 45 under the name "Portable AC V3." Defendants deny the remaining allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis deny them.

48. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit J is required, Defendants respectfully refer to the document referenced in Exhibit J for a complete and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and on that basis deny them.

49. The allegations of Paragraph 49 contain legal conclusions to which no response is required. To the extent a response to Paragraph 49 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis deny them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis deny them.

51. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit K is required, Defendants respectfully refer to the document referenced in Exhibit K for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51, and on that basis deny them.

52. Defendants admit that Modern Life Trend is an unregistered fictitious business name for Brownstone, and as such their operations overlap. Defendants admit that they have sold personal air coolers with product packaging and manuals at least similar to those depicted in Paragraphs 47–48 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis deny them.

53. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit L is required, Defendants

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

respectfully refer to the document referenced in Exhibit L for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <www.buy-chillbox.com> offered for sale a personal air-cooling product. Defendants admit that the purchase link on the website <www.buy-chillbox.com> redirected users to the website <topchillbox.com>. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis deny them.

54. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit M is required, Defendants respectfully refer to the document referenced in Exhibit M for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <buy-chillbox.com> identified "cs@topchillbox.com" as the customer service contact information. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 54, and on that basis deny them.

55. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit N is required, Defendants respectfully refer to the document referenced in Exhibit N for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the copyright notice of the bottom of the website <buy-chillbox.com> stated "© 2021 Arctic Air ChillBox," and "Arctic Air ChillBox" as the company name. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and on that basis deny them.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

56. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit O is required, Defendants respectfully refer to the document referenced in Exhibit O for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <get-blastultra.com> used the term "Arctic Air" in connection with the offer for sale of a product named "ChillBox." Defendants deny the remaining allegations in Paragraph 56.

57. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit P is required, Defendants respectfully refer to the document referenced in Exhibit P for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <get-blastultra.com> redirected users to the hyperlink identified in Paragraph 57 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 57, and on that basis deny them.

58. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit P is required, Defendants respectfully refer to the document referenced in Exhibit P for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this website" refers to, and therefore cannot admit or deny the allegations in Paragraph 58 as worded. Defendants admit that the website <topchillbox.com> identified the email address "cs@topchillbox.com" and a company address of "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035." Based on the foregoing, Defendants

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 58, and on that basis deny them.

59. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit Q is required, Defendants respectfully refer to the document referenced in Exhibit Q for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <chillboxportableac.com> sold a personal air-cooling device. Defendants admit that the "Order Now" button on the website <chillboxportableac.com> redirected users to the hyperlink identified in Paragraph 59 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 59, and on that basis deny them.

60. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit Q is required, Defendants respectfully refer to the document referenced in Exhibit Q for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this infringing website" refers to, and therefore cannot admit or deny the allegations in Paragraph 60 as worded. Defendants admit that the website <topchillbox.com> identified the email address "cs@topchillbox.com" and a company address of "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035." Defendants admit that the website <topchillbox.com> displayed a copyright notice that stated "© 2021 Arctic Air Chillbox." Based on the foregoing, Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 60, and on that basis deny them.

61. Defendants state that they are not required to respond to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

exhibits. To the extent a response to Exhibit R is required, Defendants respectfully refer to the document referenced in Exhibit R for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <chillboxportableac.org> offered to sell an air-cooling product. Defendants admit that the order link on the website <chillboxportableac.org> redirected users to the hyperlink identified in Paragraph 61 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 61, and on that basis deny them.

62. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit R is required, Defendants respectfully refer to the document referenced in Exhibit R for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this website" refers to, and therefore cannot admit or deny the allegations in Paragraph 62 as worded. Defendants admit that the website <topchillbox.com> identified the email address "cs@topchillbox.com" and a company address of "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035." Defendants admit that the website <topchillbox.com> displayed a copyright notice that stated "© 2021 Arctic Air Chillbox." Based on the foregoing, Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 62, and on that basis deny them.

63. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit S is required, Defendants respectfully refer to the document referenced in Exhibit S for a complete and accurate statement of its contents and deny Plaintiff's averments to the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

extent they are inconsistent with the referenced document. Defendants admit that the website <chillboxportableac.net> offered to sell an air-cooling product. Defendants admit that the "Order" link on the website <chillboxportableac.net> redirected users to the hyperlink identified in Paragraph 63 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 63, and on that basis deny them.

64. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit S is required, Defendants respectfully refer to the document referenced in Exhibit S for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this website" refers to, and therefore cannot admit or deny the allegations in Paragraph 64 as worded. Defendants admit that the "Contact Us" link on the website <chillboxportableac.net> redirected users to the website <topchillbox.com>, which displayed the following contact information: "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" and the email address "cs@topchillbox.com." Defendants admit that the website <topchillbox.com> displayed a copyright notice that stated "© 2021 Arctic Air Chillbox" and identified the company name "Arctic Air ChillBox." Based on the foregoing, Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 64, and on that basis deny them.

65. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit T is required, Defendants respectfully refer to the document referenced in Exhibit T for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

that the website <chillbox-official.com> offered to sell an air-cooling product. Defendants admit that the "Order" link on the website <chillbox-official.com> redirected users to the hyperlink identified in Paragraph 65 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 65, and on that basis deny them.

66. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit T is required, Defendants respectfully refer to the document referenced in Exhibit T for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this website" refers to, and therefore cannot admit or deny the allegations in Paragraph 66 as worded. Defendants admit that the "Contact Us" link on the website <chillbox-official.com> redirected users to the website <topchillbox.com>, which displayed the following contact information: "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" and the email address "cs@topchillbox.com." Defendants admit that the website <topchillbox.com> displayed a copyright notice that stated "© 2021 Arctic Air Chillbox" and identified the company name "Arctic Air ChillBox." Based on the foregoing, Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 66, and on that basis deny them.

67. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit U is required, Defendants respectfully refer to the document referenced in Exhibit U for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <chillboxairconditioner.com> offered to sell an air-cooling

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

product. Defendants admit that the "Order" link on the website <chillboxairconditioner.com> redirected users to the hyperlink identified in Paragraph 67 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 67, and on that basis deny them.

68. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit U is required, Defendants respectfully refer to the document referenced in Exhibit U for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this website" refers to, and therefore cannot admit or deny the allegations in Paragraph 68 as worded. Defendants admit that the "Contact Us" link on the website <chillboxairconditioner.com> redirected users to the website <topchillbox.com>, which displayed the following contact information: "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" and the email address "cs@topchillbox.com." Defendants admit that the website <topchillbox.com> displayed a copyright notice that stated "© 2021 Arctic Air Chillbox" and identified the company name "Arctic Air ChillBox." Based on the foregoing, Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 68, and on that basis deny them.

69. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit V is required, Defendants respectfully refer to the document referenced in Exhibit V for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants admit that the website <chillboxairconditioner.net> offered to sell an air-cooling product. Defendants admit that the "Order" link on the website

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

<chillboxairconditioner.net> redirected users to the hyperlink identified in Paragraph 69 where they could purchase the ChillBox product. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 69, and on that basis deny them.

70. Defendants state that they are not required to respond to exhibits. To the extent a response to Exhibit V is required, Defendants respectfully refer to the document referenced in Exhibit V for a complete and accurate statement of its contents and deny Plaintiff's averments to the extent they are inconsistent with the referenced document. Defendants do not know what the phrase "this website" refers to, and therefore cannot admit or deny the allegations in Paragraph 70 as worded. Defendants admit that the "Contact Us" link on the website <chillboxairconditioner.net> redirected users to the website <topchillbox.com>, which displayed the following contact information: "Modern Life Trend, 105 Serra Way #264 Milpitas, CA 95035" and the email address "cs@topchillbox.com." Defendants admit that the website <topchillbox.com> displayed a copyright notice that stated "© 2021 Arctic Air Chillbox" and identified the company name "Arctic Air ChillBox." Based on the foregoing, Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 70, and on that basis deny them.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

## <u>COUNT I: VIOLATION OF 17 U.S.C. §§101 *ET SEQ.* –</u>
## <u>COPYRIGHT INFRINGEMENT</u>

74. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.



KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny them.

76. The allegations of Paragraph 76 contain legal conclusions to which no response is required. To the extent a response to Paragraph 76 is required, Defendants deny the allegations.

77. The allegations of Paragraph 77 contain legal conclusions to which no response is required. To the extent a response to Paragraph 77 is required, Defendants deny that they infringed any copyright and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis deny them.

78. The allegations of Paragraph 78 contain legal conclusions to which no response is required. To the extent a response to Paragraph 78 is required, Defendants deny the allegations.

79. The allegations of Paragraph 79 contain legal conclusions to which no response is required. To the extent a response to Paragraph 79 is required, Defendants deny the allegations.

80. The allegations of Paragraph 80 contain legal conclusions to which no response is required. To the extent a response to Paragraph 80 is required, Defendants deny the allegations.

81. The allegations of Paragraph 81 contain legal conclusions to which no response is required. To the extent a response to Paragraph 81 is required, Defendants deny the allegations.

82. The allegations of Paragraph 82 contain legal conclusions to which no response is required. To the extent a response to Paragraph 82 is required, Defendants deny the allegations.

//

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**COUNT II: VIOLATION OF 15 U.S.C. §1114 – INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS**

83. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

84. The allegations of Paragraph 84 contain legal conclusions to which no response is required. To the extent a response to Paragraph 84 is required, Defendants deny the allegations.

85. The allegations of Paragraph 85 contain legal conclusions to which no response is required. To the extent a response to Paragraph 85 is required, Defendants deny that they infringed any trademark and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and on that basis deny them.

86. The allegations of Paragraph 86 contain legal conclusions to which no response is required. To the extent a response to Paragraph 86 is required, Defendants deny the allegations.

87. The allegations of Paragraph 87 contain legal conclusions to which no response is required. To the extent a response to Paragraph 87 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis deny them.

88. The allegations of Paragraph 88 contain legal conclusions to which no response is required. To the extent a response to Paragraph 88 is required, Defendants deny the allegations.

89. The allegations of Paragraph 89 contain legal conclusions to which no response is required. To the extent a response to Paragraph 89 is required, Defendants deny the allegations.

90. The allegations of Paragraph 90 contain legal conclusions to which no response is required. To the extent a response to Paragraph 90 is required, Defendants deny the allegations.

91. The allegations of Paragraph 91 contain legal conclusions to which no response is required. To the extent a response to Paragraph 91 is required, Defendants deny the allegations.

**COUNT III: VIOLATION OF 15 U.S.C. §1125 –**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

92. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

93. Defendants admit that they previously offered for sale, sold, and marketed air-cooling products. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and on that basis deny them.

94. The allegations of Paragraph 94 contain legal conclusions to which no response is required. To the extent a response to Paragraph 94 is required, Defendants deny the allegations.

95. The allegations of Paragraph 95 contain legal conclusions to which no response is required. To the extent a response to Paragraph 95 is required, Defendants deny the allegations.

96. The allegations of Paragraph 96 contain legal conclusions to which no response is required. To the extent a response to Paragraph 96 is required, Defendants deny the allegations.

97. The allegations of Paragraph 97 contain legal conclusions to which no response is required. To the extent a response to Paragraph 97 is required, Defendants deny the allegations.

98. The allegations of Paragraph 98 contain legal conclusions to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

which no response is required. To the extent a response to Paragraph 98 is required, Defendants deny the allegations.

99. The allegations of Paragraph 99 contain legal conclusions to which no response is required. To the extent a response to Paragraph 99 is required, Defendants deny the allegations.

100. The allegations of Paragraph 100 contain legal conclusions to which no response is required. To the extent a response to Paragraph 100 is required, Defendants deny the allegations.

**COUNT IV:**

**COMMON LAW UNFAIR COMPETITION**

101. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

102. Defendants admit that they previously sold air-cooling products that competed with Plaintiff's air-cooling products. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants admit the allegations in Paragraph 103.

104. The allegations of Paragraph 104 contain legal conclusions to which no response is required. To the extent a response to Paragraph 104 is required, Defendants deny the allegations.

105. The allegations of Paragraph 105 contain legal conclusions to which no response is required. To the extent a response to Paragraph 105 is required, Defendants deny the allegations.

106. The allegations of Paragraph 106 contain legal conclusions to which no response is required. To the extent a response to Paragraph 106 is required, Defendants deny the allegations.

107. The allegations of Paragraph 107 contain legal conclusions to which no response is required. To the extent a response to Paragraph 107

is required, Defendants deny the allegations.

108. The allegations of Paragraph 108 contain legal conclusions to which no response is required. To the extent a response to Paragraph 108 is required, Defendants deny the allegations.

**COUNT V: COMMON LAW TRADEMARK INFRINGEMENT**

109. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

110. Defendants admit that they previously sold air-cooling products that competed with Plaintiff's air-cooling products. Defendants deny the remaining allegations in Paragraph 110.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis deny them.

112. The allegations of Paragraph 112 contain legal conclusions to which no response is required. To the extent a response to Paragraph 112 is required, Defendants deny the allegations.

113. The allegations of Paragraph 113 contain legal conclusions to which no response is required. To the extent a response to Paragraph 113 is required, Defendants deny the allegations.

114. The allegations of Paragraph 114 contain legal conclusions to which no response is required. To the extent a response to Paragraph 114 is required, Defendants deny the allegations.

115. The allegations of Paragraph 115 contain legal conclusions to which no response is required. To the extent a response to Paragraph 115 is required, Defendants deny the allegations.

116. The allegations of Paragraph 116 contain legal conclusions to which no response is required. To the extent a response to Paragraph 116

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

is required, Defendants deny the allegations.

117. The allegations of Paragraph 117 contain legal conclusions to which no response is required. To the extent a response to Paragraph 117 is required, Defendants deny the allegations.

**COUNT VI: UNJUST ENRICHMENT**

118. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis deny them.

120. The allegations of Paragraph 120 contain legal conclusions to which no response is required. To the extent a response to Paragraph 120 is required, Defendants deny the allegations.

121. The allegations of Paragraph 121 contain legal conclusions to which no response is required. To the extent a response to Paragraph 121 is required, Defendants deny the allegations.

122. The allegations of Paragraph 122 contain legal conclusions to which no response is required. To the extent a response to Paragraph 122 is required, Defendants deny the allegations.

**COUNT VII: PATENT INFRINGEMENT –**
**U.S. DESIGN PATENT NO. D852,340**

123. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants admit that they had notice of Plaintiff's purported Ultra Design Patent as of the filing of the Complaint. Defendants deny the

remaining allegations in Paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis deny them.

127. The allegations of Paragraph 127 contain legal conclusions to which no response is required. To the extent a response to Paragraph 127 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis deny them.

128. The allegations of Paragraph 128 contain legal conclusions to which no response is required. To the extent a response to Paragraph 128 is required, Defendants deny the allegations in Paragraph 128.

129. The allegations of Paragraph 129 contain legal conclusions to which no response is required. To the extent a response to Paragraph 129 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis deny them.

130. The allegations of Paragraph 130 contain legal conclusions to which no response is required. To the extent a response to Paragraph 130 is required, Defendants deny the allegations in Paragraph 130.

131. The allegations of Paragraph 131 contain legal conclusions to which no response is required. To the extent a response to Paragraph 131 is required, Defendants deny the allegations in Paragraph 131.

132. The allegations of Paragraph 132 contain legal conclusions to which no response is required. To the extent a response to Paragraph 132 is required, Defendants deny the allegations in Paragraph 132.

133. The allegations of Paragraph 133 contain legal conclusions to which no response is required. To the extent a response to Paragraph 133

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis deny them.

134. The allegations of Paragraph 134 contain legal conclusions to which no response is required. To the extent a response to Paragraph 134 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis deny them.

135. The allegations of Paragraph 135 contain legal conclusions to which no response is required. To the extent a response to Paragraph 135 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis deny them.

136. The allegations of Paragraph 136 contain legal conclusions to which no response is required. To the extent a response to Paragraph 136 is required, Defendants admit that Plaintiff purports to seek an order from the Court that it is entitled to a finding that this case is exceptional and enhance damages up to three times the amount found or assessed pursuant to 35 U.S.C. §284. Defendants deny any remaining allegations in Paragraph 136.

**COUNT VIII [ERRONEOUSLY NUMBERED BY PLAINTIFF AS COUNT VII]: PATENT INFRINGEMENT –**

**U.S. PATENT NO. 10,712,029**

137. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants admit that they had notice of Plaintiff's purported Arctic Air Ultra Utility Patent as of the filing of the Complaint. Defendants

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

deny the remaining allegations in Paragraph 139.

140. The allegations of Paragraph 140 contain legal conclusions to which no response is required. To the extent a response to Paragraph 140 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and on that basis deny them.

141. The allegations of Paragraph 141 contain legal conclusions to which no response is required. To the extent a response to Paragraph 141 is required, Defendants deny the allegations in Paragraph 141.

142. The allegations of Paragraph 142 contain legal conclusions to which no response is required. To the extent a response to Paragraph 142 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and on that basis deny them.

143. The allegations of Paragraph 143 contain legal conclusions to which no response is required. To the extent a response to Paragraph 143 is required, Defendants deny the allegations in Paragraph 143.

144. The allegations of Paragraph 144 contain legal conclusions to which no response is required. To the extent a response to Paragraph 144 is required, Defendants deny the allegations in Paragraph 144.

145. The allegations of Paragraph 145 contain legal conclusions to which no response is required. To the extent a response to Paragraph 145 is required, Defendants deny the allegations in Paragraph 145.

146. The allegations of Paragraph 146 contain legal conclusions to which no response is required. To the extent a response to Paragraph 146 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and on that basis deny them.

147. The allegations of Paragraph 147 contain legal conclusions to which no response is required. To the extent a response to Paragraph 147 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis deny them.

148. The allegations of Paragraph 148 contain legal conclusions to which no response is required. To the extent a response to Paragraph 148 is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and on that basis deny them.

149. The allegations of Paragraph 149 contain legal conclusions to which no response is required. To the extent a response to Paragraph 149 is required, Defendants admit that Plaintiff purports to seek an order from the Court that it is entitled to a finding that this case is exceptional and enhance damages up to three times the amount found or assessed pursuant to 35 U.S.C. §284. Defendants deny any remaining allegations in Paragraph 149.

**PRAYER FOR RELIEF**

Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to any of the relief pled in this section or sought in the Complaint.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Without admitting any allegations in the Complaint, Defendants assert the following affirmative defenses and reserve the right to add additional affirmative defenses as otherwise noted. Each affirmative defense is asserted as to all causes of action unless otherwise noted. By asserting these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where the burden properly belongs

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(First Amendment Rights)**

Plaintiff's claims are barred to the extent that the conduct complained of is protected by the free speech provisions of the Constitution of the State of California and the Constitution of the United States of America.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith at all times.

**FOURTH AFFIRMATIVE DEFENSE**

**(Causation Is Lacking)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not sustained any injury or damage by reason of any act or omission on Defendants' part.

**FIFTH AFFIRMATIVE DEFENSE**

**(Negligence and Misconduct of Others)**

If there was any negligence or other misconduct proximately causing the damages allegedly sustained by Plaintiff, such negligence or misconduct was that of parties other than Defendants, and recovery should be barred or eliminated to that extent.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's claims for equitable relief are barred to the extent that there is an adequate remedy at law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Right to Injunctive Relief)**

To the extent the Complaint seeks permanent injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Defendants by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence. Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Right to Treble, Punitive, or Exemplary Damages)**

Plaintiff is not entitled to treble, punitive, or exemplary damages on any cause of action alleged in the Complaint. Any award of treble, punitive, or exemplary damages would violate the due process and/or equal protection clauses of the Constitution of the State of California and the Constitution of the United States of America.

**NINTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

Plaintiff's request for attorneys' fees in this matter is barred to the extent it lacks any basis in law or contract.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies claimed to be due in the Complaint.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

## ELEVENTH AFFIRMATIVE DEFENSE

**(Damages Caused by Other Causes)**

To the extent that Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Defendants and for which Defendants were not and are not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiff has suffered any loss, damage, or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, to the extent Plaintiff failed to mitigate such loss, damage, or injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Uncertain/Unmanageable Damages)**

Plaintiff's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Acquiescence)**

Plaintiff's claims are barred and/or limited by the equitable doctrines of waiver, estoppel, and acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(No Injury)**

Plaintiff's claims are barred and/or limited to the extent Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Intervening or Superseding Causes)**

Plaintiff's claims are barred and/or limited because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by

intervening or superseding causes, by the conduct of third parties for whom Defendant was not responsible, and/or through acts or omission of Plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiff's claims are barred and/or limited based on Plaintiff's failure to join one or more indispensable parties who are subject to service or process, whose joinder will not deprive the court of subject-matter jurisdiction, and whose absence will deprive the Court of the ability to accord complete relief among the existing parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims are barred and/or limited to the extent Plaintiff failed to take timely action to pursue legal recourse against Defendants resulting in prejudice to Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

Plaintiff's claim for copyright infringement is barred and/or limited to the extent Plaintiff's purportedly copyrighted materials omitted copyright notices or such notices were removed; if Defendants infringed Plaintiff's purported copyrights, Defendants were innocent infringers.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Invalidity)**

U.S Design Patent No. D852,340 and U.S. Patent No. 10,712,029 are invalid for failing to meet one or more of the requisite conditions of patentability specified in 35 U.S.C. §§101, 102, 103, 112, and 171.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

On information and belief, the relief sought by Plaintiff is barred in whole

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

or part under the doctrine of prosecution history estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

Plaintiff's claims are barred in whole or in part to the extent that Defendants' activities did not infringe the purported copyrights, trademarks, and patents of Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. §287 to the extent Defendants did not have notice of the infringement of the alleged patents.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Reservation)**

Further responding, Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as of yet unstated, affirmative defenses available. Defendants reserve their right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

**DEFENDANTS' PRAYER FOR RELIEF**

Wherefore, Defendants respectfully request the following relief:

1. Dismissal of Plaintiff's Complaint with prejudice in its entirety;
2. Plaintiff take nothing on its claims, and that judgment be entered against Plaintiff and in favor of Defendants;
3. Attorney's fees and costs, if and as allowed; and
4. Any other and further relief to which Defendants are entitled.

//

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Respectfully Submitted,

DATED: September 10, 2021

**KRONENBERGER ROSENFELD, LLP**

s/ Karl S. Kronenberger
Karl S. Kronenberger

Counsel for Defendants Brownstone Resources, LLC and Modern Life Trend

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants Brownstone Resources, LLC and Modern Life Trend request a trial by jury of all issues triable by a jury.

Respectfully Submitted,

DATED: September 10, 2021 **KRONENBERGER ROSENFELD, LLP**

s/ Karl S. Kronenberger
Karl S. Kronenberger

Counsel for Defendants Brownstone Resources, LLC and Modern Life Trend